# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS P. SURRARRER, *et al.*, | Case No. 1:18-cv-1562 |
| Plaintiffs, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| HSBC BANK USA, NATIONAL ASSOC. As Trustee, *et al*, | |
| | **REPORT AND RECOMMENDATION** |
| Defendants. | |

## I. Introduction

On September 20, 2018, Defendants/Appellees HSBC Bank USA, National Association, as Trustee for Home Equity Loan Trust Series ACE-SD2 and Wells Fargo Bank, N.A. ("defendants") filed an amended motion to strike plaintiffs-appellants' supplemental exhibits in support of brief. ECF Doc. 11. The motion was referred to me for report and recommendation on September 25, 2018. ECF Doc. 13.

Because Plaintiffs/Appellants Thomas and Sharon Surrarrer ("plaintiffs") did not comply with Fed. R. Bankr. P. 8009 (a)(1)(A) and do not oppose defendants' motion to strike pursuant to Fed. R. Bankr. P. 8009(e)(1), I recommend that the Court GRANT defendants' amended motion to strike and require plaintiffs to follow the procedural requirements of the Federal Rules of Bankruptcy Procedure for supplementing the record on appeal.

## II. Relevant Facts & Procedural History

This case is on appeal from the Federal Bankruptcy Court. After both parties filed their briefs, plaintiffs filed supplemental exhibits in support of their brief. ECF Doc. 9. On September 20, 2018, defendants filed an amended motion to strike plaintiffs' supplemental exhibits in support of brief. ECF Doc. 11. Defendants argue that plaintiffs did not follow the proper procedure for making their supplemental exhibits part of the record, which this court may consider on appeal. Defendants move to strike the supplemental exhibits. To date, plaintiffs have not filed any response to defendants' motion to strike.

## III. Law & Analysis

Fed. R. Bankr. P. 8009(a)(1)(A) provides:

(a) Designating the Record on Appeal; Statement of the Issues.
   (1) Appellant.
      (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Defendants represent that the only items in the record are the motion to dismiss; the memorandum in opposition and reply; and the bankruptcy court's rulings. ECF Doc. 11. Thus, some of the supplemental exhibits filed by plaintiffs are not part of the record on appeal.

Fed. R. Bankr. P. 8009(e)(2) provides that corrections to the record may be made on stipulation of the parties; by the bankruptcy court; or by the court where the appeal is pending. Fed. R. Bankr. P. 8009(e)(1) provides that, "[i]f an item has been improperly designated as part of the record on appeal, a party may move to strike that item." Here, plaintiffs have filed "supplemental exhibits" that are not part of the record. Fed. R. Bankr. P. 8009 provides a mechanism for correcting the record, which the plaintiffs have not followed. Nor have plaintiffs opposed defendants' motion to strike. Based on the undisputed facts and argument, I

recommend that the Court grant defendants' motion to strike pursuant to Fed. R. Bankr. P. 8009(e)(1).

## IV. Conclusion

Because plaintiffs failed to follow the correct procedure for correcting the record on appeal, I recommend that the Court GRANT defendants' motion to strike and require plaintiffs to correct the record in accordance with Fed. R. Bankr. P. 8009.

Dated: October 18, 2018

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).