# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS P. SURRARRER, et al., | ) CASE NO. 1:18 CV 1562 |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| | ) Magistrate Judge Thomas M. Parker |
| | ) |
| HSBC BANK USA, NATIONAL, | ) <u>MEMORANDUM OPINION</u> |
| ASSOCIATION, as Trustee, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

This matter is before the Court on the Notice of Appeal from a decision of the U.S. Bankruptcy Court filed by Plaintiffs-Appellants, Thomas P. Surrarrer and Sharon C. Surrarrer. The Surrarrers appeal the Bankruptcy Court's decision dismissing their Adversary Complaint in Bankruptcy Court Case No. 17-01144. On October 22, 2018, this case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation on all of the issues raised in the Surrarrers' Notice of Appeal. (Docket #16.)

As summarized by the Magistrate Judge, the procedural history of this case is as follows:

> On August 8, 2011, Defendant-Appellee HSBC Bank USA, National Association, as Trustee ("HSBC") filed a foreclosure action against the appellants in state court. (A copy of the complaint was attached as Exhibit 2 to HSBC's motion to dismiss in Bankruptcy Court – ECF Doc. 7.) After an appeal and

remand, the case proceeded to trial before a magistrate on April 24, 2014. On August 9, 2016, the magistrate issued a decision in favor of HSBC and against appellants. (A copy of the magistrate's decision was attached as Exhibit 5 to HSBC's motion to dismiss in Bankruptcy Court – ECF Doc. 7.) The magistrate found that Thomas Surrarrer had conceded that he signed the promissory note (Id. at p. 8); that the promissory note was valid and enforceable as a negotiable instrument (Id. at 9); that HSBC proved that it was entitled to enforce the mortgage and promissory note (Id. at 12-13); that Mr. Surrarrer owed to HSBC $208,478.09, plus interest at 7.00% per annum from March 1, 2010 (Id. at 12); and that HSBC had standing to enforce the mortgage and note.

On September 15, 2017, the trial court adopted the magistrate's decision. (A copy of the journal entry was attached as Exhibit 8 to HSBC's motion to dismiss in Bankruptcy Court – ECF Doc. 7.) On September 28, 2017, appellants appealed the trial court's decision and foreclosure decree to the Ohio Court of Appeals. (A copy of the notice of appeal was attached as Exhibit 9 to HSBC's motion to dismiss in Bankruptcy Court – ECF Doc. 7.) That appeal remains pending as of the date of this report.

On October 26, 2017, appellants filed a Chapter 7 bankruptcy petition. On December 21, 2017, appellants filed the instant adversary action against HSBC, Wells Fargo Bank, N.A. ("Wells Fargo") and two other entities. N.D. Bankr. Case No. 17-01144. On January 22, 2018, HSBC and Wells Fargo filed a motion to dismiss the adversary complaint against them. On May30, 2018, the bankruptcy court dismissed appellant's complaint on the grounds that the *Rooker-Feldman* doctrine precluded the court's exercise of subject matter jurisdiction. The court found that "each of the Plaintiffs' requests for relief, if granted, would reverse at least a portion of the state court's judgment." ECF Doc. 1-6 at Page ID# 21. The bankruptcy court also determined in the alternative that appellants' claims were barred by the doctrine of issue preclusion because they had been fully litigated in state court. ECF Doc. 1-6 at Page ID# 22. Appellants initiated this appeal to challenge the bankruptcy court's decision. ECF Doc. 1.

Appellants raise three issues in their appeal:

Issue I

Whether or not the Bankruptcy Court committed error in granting the Defendant's Motion to Dismiss Adversary Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), in not assuming that all of the Plaintiff's allegations in the Complaint are true pursuant to standards of determination of such a Motion to Dismiss as set forth In Re Loy, 557 B.R. 569, 575 (Bankr. N.D. Ohio 2016).

Issue II

Whether or not the Bankruptcy Court committed error in granting the Defendant's Motion to Dismiss Adversary Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) in that the Court failed to construe the Complaint in the light most favorable to the Plaintiffs accepting all facts [pleaded] as true, the Complaint stating claims for relief that are plausible on their face, in accord with Bell Atlantic Corp. v. Twombly, 540 U.S. 544, 571 (2007).

Issue III

The question is whether or not the Bankruptcy Court has subject matter jurisdiction or is barred from hearing the Plaintiff's Adversary Complaint under the Rooker-Feldman doctrine; and even if the doctrine is inapplicable, whether Plaintiff's claims are barred by res judicata and are wholly without merit.

(Docket # 20, at pp. 2-3.)

On November 30, 2018, Magistrate Judge Parker issued his Report and Recommendation. (Docket #20.) The Magistrate Judge recommends that this Court affirm the Bankruptcy Court's dismissal of the Surrarrers' Adversary Complaint, finding that the *Rooker-Feldman* doctrine and the doctrine of issue preclusion barred the Surrarrers from relitigating claims in Bankruptcy Court that were already adjudicated in State Court. On December 6, 2018, the Surrarrers filed their Objection to the Report and Recommendation of the Magistrate Judge. (Docket #21.) On December 18, 2018, Defendants-Appellees, HSBC Bank USA National Association and Wells Fargo Bank, N.A., filed their Response to the Surrarrers' Objections. (Docket #22.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, analyzing the Surrarrers' Objections to the Report and Recommendation and Appellees' Response thereto. Magistrate Judge Parker thoroughly and exhaustively reviewed the Surrarrers' Assignments of Error, in conjunction with the applicable statutory and case law. Magistrate Judge Parker properly concluded that the *Rooker-Feldman* Doctrine and the doctrine of issue preclusion barred the Surrarrers' from relitigating their claims in the Bankruptcy Court and, therefore, that the Bankruptcy Court's decision dismissing Appellants' Adversary Complaint was proper.

Accordingly, the Report and Recommendation issued by Magistrate Judge Parker (Docket #20) is hereby ADOPTED in its entirety. The decision of the Bankruptcy Court dismissing the Adversary Complaint filed by Plaintiffs-Appellants, Thomas P. Surrarrer and Sharon C. Surrarrer, is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 27, 2018